UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DUSTIN MARK KOLCZAK,          )
   Plaintiff,                 )
                              )
vs.                           )    No. 19-1405
                              )
TAZWELL COUNTY SHERIFF'S      )
DEPARTMENT, et. al.,          )
   Defendants.                )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated by the "Tazewell County Sheriff's Department/Justice Center," Officer Rebecca Melloy, Officer Cheryl Potts, and Officer Curtis King. (Comp, p. 2). Plaintiff entered the Tazewell County Justice Center (TCJC) on February 27, 2018. Defendants Melloy, King, and Potts escorted Plaintiff to "the medical section of the jail," removed all of Plaintiff's clothing, handcuffed him, and then "strapped (him) into a high security restraint chair."

1

(Comp., p. 5). "[W]ords were exchanged" and then Defendant Melloy stated she would like to "taze" the Plaintiff. (Comp., p. 5).

The other officers encouraged Defendant Melloy and she ultimately used a Taser "for about 15 seconds" on Plaintiff's knee. (Comp., p. 5).  Plaintiff claims the Sheriff's Department is ultimately responsible for the incident because there was a policy, custom, or practice of using excessive force or failing to properly train officers how to use Tasers.

The Court while Plaintiff has articulated violations of his constitutional rights, it is unclear which constitutional amendment applies to Plaintiff's allegations. "As one moves through the criminal justice system, the constitutional provisions governing one's treatment shift." *Sims v. Olszewski*, 2017 WL 1903121, at *3 (N.D. Ill. May 9, 2017). "Specifically, the protections of the Fourth Amendment apply at arrest and until an arrestee has benefitted from a judicial determination of probable cause; then, the Fourteenth Amendment's due process principles apply to pretrial detainees; and finally, the Eighth Amendment applies following conviction." *Thurman v. Unknown Cook County Sheriff Employees*, 2018 WL 5315208, at *5 (N.D.Ill., Oct. 26, 2018), *citing Ortiz v. City of Chicago*, 656 F.3d 523, 530–31 (7th Cir. 2011). At this point, it appears Plaintiff had not yet had a probable cause hearing, so the Fourth Amendment would apply, but Plaintiff must clarify his status at the time of the incident.

Plaintiff has adequately alleged Defendant Melloy used excessive force when she used the Taser on Plaintiff.  However, the other Defendants are not responsible for the use of excessive force since they did not personally use the weapon.  Instead, Officers

2

King and Potts violated Plaintiff's constitutional rights when they failed to protect him from the use of excessive force.

The Court notes Plaintiff also mentions an Officer "Williams" escorted him to the medical section of the jail, but this individual is not named as a Defendant. (Comp, p. 5). It appears from the complaint Officer Williams was not in the room when there was any discussion involving the use of a Taser. Plaintiff refers only to Defendant Melloy and the other "two officers," Defendants King and Potts. (Comp., p. 5). Therefore, it appears Plaintiff intentionally chose not to name Williams as a Defendant.

Plaintiff has failed to articulate an official capacity claim against the Sheriff's Department based on his experience on February 27, 2018. *See Board of County Comm'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 404 (1997) ("isolated incidents" of unconstitutional conduct do not show a policy or custom); *Collier v. Ledbetter*, 2015 WL 5440672, at *4 (C.D.Ill. Sept. 15, 2015)("Plaintiff has simply failed to plead non-conclusory facts even remotely suggesting a pattern or practice of discrimination by the police."); *Vela v. Davis*, 2012 WL 293480, at *3 (S.D.Ill. Jan. 31, 2012)("plaintiff seeking to impose 42 U.S.C. § 1983 liability on a municipality for an unconstitutional policy or custom generally must allege something more than his or her own isolated experience."); *Johnson v. Johnnie*, 2011 WL 2020686, at *3 (S.D.Ill. May 24, 2011)("plaintiff asserting an unconstitutional policy or custom generally must allege something more than his or her own isolated experience.").

In addition, the TCJC is not a proper Defendant because it is a building and not a person what may be sued pursuant to 42 U.S.C. § 1983. *See Brown v. Vermilion County Jail*, 2019 WL 1607382, at *1 (C.D.Ill. April 15, 2019).

Plaintiff next alleges he was left handcuffed in the restraint chair for approximately four hours and his hands "was twice normal size from lack of circulation." (Comp., p. 5). Plaintiff asked for medical attention when he was released, but he was denied any care.

Plaintiff has articulated a constitutional violation based on leaving him naked, handcuffed, and strapped to the chair for four hours. In addition, Plaintiff might also be able to proceed with a claim alleging officers violated his constitutional rights when they denied any medical care, but it is unclear from the complaint whether Plaintiff suffered from a serious medical condition.

Plaintiff does not state who was responsible for either allegation. In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id.* quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

For instance, did Defendants Melloy, King, and Potts know Plaintiff was left in the chair for four hours? Who did Plaintiff specifically ask for medical care or who knew Plaintiff needed medical care when he was released from the chair, but refused to

provide it?  Plaintiff may proceed with these claims if he can identify who was responsible for each.[1]  Furthermore, Plaintiff should indicate why he needed medical care, and if the failure to provide care had any impact on his condition.

Plaintiff next claims he asked for grievance forms, but officers intentionally prevented him from participating in the jail grievance procedure.  Plaintiff has failed to articulate a claim based on the lack of a grievance procedure or the failure to provide grievance forms. *See Grieveson v. Anderson,* 538 F.3d 763 (7th Cir.2008)(pretrial detainees had no substantive constitutional right to a grievance procedure); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)("invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances"). Whether or not Plaintiff exhausted his administrative remedies or he was prevented from exhausting his administrative remedies may be an issue for summary judgment once Defendants have been served.

## CONCLUSION

Based on its review of Plaintiff's complaint, Plaintiff may proceed with his claims of excessive force and failure to protect.  Plaintiff has also alleged:  1) he was left naked, handcuffed, and strapped to a chair for four hours; and 2) he was denied any medical care.  However, Plaintiff has failed to identify the responsible Defendants and has failed

---

[1] If Plaintiff is unsure of a specific individual's name, he may instead provide identifying information for any Doe Defendant such as whether the Defendant was male or female, a physical description, job title, shift worked, etc.

to indicate whether he suffered from a serious medical condition. If Plaintiff believes he can clarify these claims, he may file an amended complaint within 21 days of this order. Any amended complaint was and complete on its own, must include all claims against all Defendants, and must not make reference to any previous complaint.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendant Melloy used excessive force against Plaintiff when she used a Taser on February 27, 2018; and b) Defendants King and Potts failed to protect Plaintiff from the use of excessive force on February 27, 2018. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days

of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**10) If Plaintiff intends to file an amended complaint, he MUST file his amended complaint including all claims against all Defendants within 21 days or on or before May 19, 2020.**

IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:

**1) Dismiss Defendant Tazewell County Sheriff's Department and/or Justice Center for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for a status update as moot, [6]; 3) Provide Plaintiff with a blank complaint form to assist with any motion for leave to amend;  4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this**

**order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 28th day of April, 2019.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE